IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Richard Boggs, | ) | C/A No.: 3:16-1178-MGL-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| United States; Department of Treasury; I.R.S. Commissioner John Koskinen; and Internal Revenue Service, | ) | |
| Defendants. | ) | |

Richard Boggs ("Plaintiff"), proceeding pro se, filed this action against the United States, Department of the Treasury, I.R.S. Commissioner John Koskinen, and Internal Revenue Service (collectively "Defendants").[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, the undersigned recommends that the district judge dismiss this case without prejudice and without issuance and service of process.

---

[1] The caption of Plaintiff's complaint lists seventeen other individuals, but is only signed by Plaintiff. [ECF No. 1]. Plaintiff lacks standing to bring this lawsuit on behalf of others similarly situated. *See Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding one pro se litigant cannot represent another pro se litigant); *Frank Krasner Enter., Ltd. v. Montgomery Co., Md.*, 401 F.3d 230, 234-236 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing). Although three of the proposed plaintiffs have submitted affidavits purporting to join in the complaint, the remainder of the individuals have not appeared. Regardless, if the district judge accepts this recommendation, the issue will be moot.

I.      Factual and Procedural Background

Plaintiff filed this first amended complaint "seeking specific relief in the form of review of agency action done in defiance of law, in excess of statutory scope of authority, and in violation of the United States Constitution." [ECF No. 8 at 1]. Plaintiff alleges he "received demands for signed Form(s) 1040, but access to compliance information and instruction relative to governing statues is barred by the Defendants as a matter of standard operating procedure." *Id.* at 2. Plaintiff claims he must either pay sums not owed or "suffer a permanent and dysfunctional association with the Internal Revenue Service and the proclivities for which it is infamous." *Id.* Plaintiff argues "the United States' refusal to provide an explanation or interpretation of the law governing the taxation of compensation for services violates rights to due process and against forced association." *Id.* at 8. Plaintiff also claims the United States' enforcement of 26 U.S.C. chapters 1, 2, 21, and 23, and 26 U.S.C. §§ 6012 and 6651 as it relates to Plaintiffs who sell their personal services for compensation "derives sums from the Plaintiffs they do not owe under the law." *Id.* at 12. Plaintiff argues Defendants' interpretation of these provisions violates his right to privacy, due process, and his right against unreasonable seizure and forced association. *Id.* at 12, 14. Plaintiff seeks injunctive relief and requests, in part, that the court compel Defendants (a) to disclose proper interpretations of the challenged provisions, (b) to halt the taking of proceeds derived through service contracts, (c) to set aside Defendants' demand for tax returns, and (d) to halt the imposition of sanctions for failing to file tax returns. *Id.* at 11, 13–14.

II. Discussion

   A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. Even though Plaintiff paid the filing fee in this action, the court possesses the inherent authority to ensure that Plaintiff has standing, federal jurisdiction exists, and the case is not frivolous.[2] *See Ross v. Baron*, 493 F. App'x 405, 406–407 (4th Cir. 2012); *see also Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc.*

---

[2] Plaintiff is not proceeding in forma pauperis. Therefore, 28 U.S.C. § 1915(e)(2), which allows sua sponte dismissal of complaints that fail to state a claim, is inapplicable.

*Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Plaintiff's complaint seeks to enjoin Defendants' ability to asses and collect taxes. [ECF No. 1 at 11, 13–14]. However, this relief is barred by the Anti-Injunction Act. The Anti-Injunction Act, 26 U.S.C. § 7421(a) provides that unless certain statutory exceptions are applicable, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]" The Supreme Court has indicated that the purpose of the Anti-Injunction Act is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in suit for a refund.'" *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974); *see also Rochefort v. Gibbs*, 696 F. Supp. 1151, 1152–53 (W.D. Mich. 1988). Although there are limited statutory exceptions to the Anti-Injunction Act, Plaintiff has not alleged any facts to show that any of the statutorily-created exceptions apply.

There are also limited judicial exceptions to the Anti-Injunction Act. *See Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). In order to establish a claim for injunctive relief under the holding in *Enochs*, the taxpayer must show: (1) under the most liberal view of the applicable laws and facts, it is clear that the government cannot prevail on the merits; and (2) absent an injunction, irreparable injuries will occur for which there is no adequate remedy at law. 370 U.S. at 6–7. Unless both of these prerequisites are met, "a suit for preventive injunctive relief must be dismissed." *United States v. American Friends Serv. Comm.*, 419 U.S. 7, 10 (1974).

Plaintiff has not alleged any facts to show that he can meet either of the *Enochs* prerequisites. First, Plaintiff has failed to demonstrate that the government cannot prevail on the merits. As to the second *Enochs* factor, Plaintiff has adequate remedies at law. The right of a taxpayer to petition the Tax Court and his right, in the alternative, to sue for a refund in a federal district court are adequate remedies at law. *See, e.g., Bob Jones Univ.*, 416 U.S. at 746; *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313–14 & n.1 (9th Cir. 1982) (citing *Bailey v. George*, 259 U.S. 16 (1922)) ("Since the Supreme Court decision in [*Bailey*], it has been established that payment of the tax followed by a suit for refund constitutes an adequate remedy at law."); *Hobson v. Fischbeck*, 758 F,2d 579, 581 (11th Cir. 1985) (holding injunctive relief to be improper when plaintiff "could pay the disputed tax and then sue for a refund"). Because Plaintiff has not alleged any facts to show that any of the statutory or judicially created exceptions to the Anti-Injunction Act are applicable, the undersigned recommends this action be dismissed.

III. Conclusion

For the foregoing reasons, the undersigned recommends that the court dismiss this first amended complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 29, 2016  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).