1  Richard Boggs
2  7001 St. Andrews Road 124
   Columbia, SC   29212-1137
3
4
5
6
7           IN THE DISTRICT COURT OF THE UNITED STATES
8                    DISTRICT OF SOUTH CAROLINA
                              At Columbia
9  Richard Boggs, *et al*,,              ) No. **3:16-cv-1178-MGL-SVH**
10              Plaintiffs, *pro se*,     ) **SECOND AMENDED:**
                                          ) CIVIL COMPLAINT TO review agency
11                                        ) wrongdoing - 5 USC §§ 701-706.
                                          )
12              vs.                       ) VERIFIED CIVIL COMPLAINT
                                          )
13 UNITED STATES, DEPARTMENT OF           )
14 TREASURY, IRS COMM'R JOHN              )
   KOSKINEN, and INTERNAL REVENUE         )
15 SERVICE,                               )
                DEFENDANTS.               )
16

17                I. <u>INTRODUCTION, JURISDICTION, and VENUE.</u>
18
19      1.1 COMES NOW, the above named Plaintiffs, seeking specific relief in the form of
20 review of agency action done in defiance of law, in excess of statutory scope of authority, and
21 in violation of the United States Constitution. Plaintiffs' 1st Amended Complaint was dismissed
   as one deemed to be seeking restraint of assessment and collection of "taxes" barred under 26
22 USC § 7421 Anti Injunction Act. Injunction is required of the Court under 5 USC § 706, so
23 Plaintiffs will not ask that the Court follow and honor this mandate, so such restraint on
24 assessment and collection is not a part of the relief *requested*; <u>Defendants are invited to keep</u>
25 <u>stealing what they assert without foundation are "taxes."</u>

26      1.2 Under the facts of this case it is proven that actual, concrete harm to personal rights
27 to privacy, property and liberty is imminent, is occurring, or has already occurred. Causes of
   action and relief sought are at ¶ 3.1 through ¶ 3.26. As used herein "UNITED STATES" shall
28

SECOND AMENDED - Complaint for review of agency action.          Page 1 of 19

1    be deemed to include all named Defendants. As used herein the term "Defendant" shall be

2    construed to mean and include the IRS, the Department of Treasury, and the United States

3    federal government.

4        1.3 The Internal Revenue Service (hereinafter "IRS") is a bureau within the US

5    Department of the Treasury. (See 26 CFR 601.101). The US Treasury is in a position of

6    oversight in relation to the IRS and the enforcement of the provisions of 26 USC. (See 26 USC

7    §§ 7801, 7805). The Secretary of the US Treasury must have express permission to operate

8    outside of Washington, D.C.. (See 4 USC § 72). In relation to this role, the Secretary of the US

9    Treasury answers to the Joint Committee on Taxation, in Congress. (See 26 USC § 8022). For

10   the purposes of this civil complaint, *any and all emphasis* employed herein may be construed

     to have been added.

11       1.4 Plaintiff Richard Boggs has received demands for signed Form(s) 1040, but access

12   to compliance information and instruction relative to governing statutes is barred by the

13   Defendants as a matter of standard operating procedure. Other Plaintiffs hereto are likewise

14   expected under threat of monetary sanctions and imprisonment to conform with the

15   Defendant's demands but are also barred from the information and instruction necessary to

16   comply with the letter of 26 USC. It is due to this protocol that Plaintiffs either submit to what

17   the Defendant cannot deny is contrary to law (pay sums not owed), or to suffer a permanent and

18   dysfunctional association with the Internal Revenue Service and the proclivities for which it is

19   infamous. This reality is the impetus behind the Plaintiffs' having filed this action. The acts of

20   which Plaintiff Richard Boggs complains have occurred and are occurring in this judicial

     district. Plaintiffs outside of this judicial district waive venue and join in this action for review.

21       1.5 All conduct on the part of the Defendants complained of herein was, is and will be

22   in excess of statutory authority and official right. Defendants' past, present, and threatened

23   actions are **1)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

24   law, **2)** contrary to constitutional right, power, privilege, or immunity, **3)** in excess of statutory

25   jurisdiction, authority, or limitations, or short of statutory right, **and 4)** without observance of

     procedure required by law.

26       1.6 The statutory scheme at 26 USC is a behemoth of the Defendants' making, and has

27   been the basis for untold harassment of the Plaintiffs and the American public for decades. This

28   probe into its provisions will evoke sharp and lengthy diatribe from the Defendants but the

1    Court will readily see that Defendants' rebuttal at all times lacks substance and adherence to
2    canons of statutory interpretation and tenets of due process. The provisions relevant to the
3    review sought hereby are those which the Defendants readily wield or cite as relevant when
4    acting against Americans, but when pressed about the language of said provisions the
5    Defendants employ evasion and deploy retaliatory measures to stifle all challenges.

6        1.7 Under very particular tax statutes the IRS is constrained and property rights are
7    protected in ways contrary to how the IRS claims its authority arises, and contrary to IRS'
8    standard operating procedures. Key provisions include but are not limited to the following: **26
9    USC** §§ 1, 61(a), 83(a), 212, 1001, 1011, 1012, 1402(b), 3121(e), 3306(j), 6201, 6671(b), 7343,
10   7621, 7651(4)(A), 7655; **42 USC** § 411(b)(2); **Social Security Act** of 1935 § 211, Pub.L. 74-
11   271, 49 Stat. 620 (August 14, 1935), now codified as 42 USC ch. 7; **1939 Internal Revenue
12   Code** §§ 111, 112, 113, 3640, 3811; **26 CFR** 1.1-1, 1.83-3(e), (f), (g), 1.83-4(b)(2), 1.1001-
13   1(a), 1.1011-1(a), 1.1012-1(a), 1.1401-1(a), 1.1402(a)-2(a), 1.1402(b)-1(d), 31.0-2(a)(1),
     31.3121(e)-1(b), 301.6201-1(a), and 602.101.

14       1.8 And through its violation of, and its denial of access to, said provisions Defendant
15   UNITED STATES benefits under 26 USC §§ 1 (graduated income tax), 1401 (SS self
16   employed), 3101 (SS employee), 3301 (SS excise unemployment), 6651 (interest), 6673
17   (frivolous Tax Court petition), 6702 (frivolous tax return), 7201 (tax evasion), 7203 (failure to
18   file), 7206 (fraudulent tax documents), 7212 (corruptly endeavoring to impede enforcement),
19   18 USC § 371 (conspiracy to defraud US) and others, which deprive any individual who dares
     to attempt to access the law of their property or liberty.

20       1.9 In addition, the Defendant and the courts heap verbal abuse and hurl epithets upon
21   and at these individuals, calling statutory language "frivolous" and all who believe in it "tax
22   protesters" or "sovereign citizens." A "sovereign citizen" is somebody who **1)** bursts out of
23   their vehicle when stopped by police and opens fire on the police with automatic rifles and
24   hand grenades, **or 2)** takes the slightest exception to anything a public servant does or says;
25   municipal, state, or federal. Defendant uses this standard to justify heightened security
26   measures, stiffer penalties of every kind, and targeting for assessments and criminal charges of
     all who oppose any act of any public servant in any way, shape, or form.

27       1.10 As purported tax return filing deadlines loom (April 15, 2016) the Plaintiffs and
28   each of them prefer to not be so treated and abused, but the plain language of the provisions

SECOND AMENDED - Complaint for review of agency action.                    Page 3 of 19

1  governing the proper way to calculate tax liabilities constitutes obvious conflicts with how the

2  Defendant *says* is the way to comply with what it claims are Plaintiffs' "requirements." The

3  Taxpayer Bill of Rights expressly provides:

4  
5  "The Right to Be Informed.- Taxpayers have the right to know what they need to do to comply with the tax laws. ***They are entitled to clear explanations of the laws*** and IRS procedures in all tax forms, instructions, publications, notices, and correspondence.

6  They have the right to be informed of IRS decisions about their tax accounts and to receive clear explanations of the outcomes."

7  
8  See: [ https://www.irs.gov/Taxpayer-Bill-of-Rights ].

9  1.11 The Defendants' pattern of evasion of discussion of key provisions spans more

10  than twenty-three years and forces the Plaintiffs to speculate as to the meaning of penal

11  statutes, and forces them to either face monetary penalties and possible indictment or sign

12  forms under penalties of perjury that they actually believe to be a false representative of their liabilities calculated thereon.

13  1.12 Defendants demand and collect from Americans deemed to be "citizens of the

14  United States," including parties Plaintiff to this action, sums Defendants claim but cannot

15  prove are imposed as income taxes under 26 USC chapter 1 (§ 1 graduated income tax on

16  taxable income and capital gains), chapter 2 (Social Security self employed), chapter 21 (Social

17  Security employee FICA or "payroll tax"), and chapter 23 (Federal Unemployment Tax Act,

18  excise on employers of the citizen in § 3306(j)).

19  1.13 This action arises under the 1st, 4th, and 5th Amendment to the United States

20  Constitution. Review and relief sought herein is provided for as a matter of right to due process, and under 5 USC §§ 701-706. This Court has jurisdiction and venue is proper.

21  
22  ## II. FACTS & PARTIES.

23  2.1 The Defendant UNITED STATES has for decades made demands of Plaintiffs to

24  this action that they pay sums purportedly imposed under 26 USC chapters 1, 2, 21, and 23.

25  2.2 The Defendant UNITED STATES has demanded for decades that the Plaintiffs

26  include the fair market value of their personal services received as compensation in gross

27  income under 26 USC 61(a).

28

2.3 The Defendant UNITED STATES has demanded for decades that the Plaintiffs disclose the amounts received as compensation for services or as capital gains by filing tax returns on or before April 15th of any particular "taxable year."

2.4 The Defendant UNITED STATES has threatened for decades to impose penalties, sanctions, interest, and other sanctions upon the Plaintiffs in the event they fail to file tax returns or pay sums the Defendant cannot even prove they owe under 26 USC.

2.5 The Defendant UNITED STATES has demanded for decades threatened the Plaintiffs with indictment, prosecution, and imprisonment for any such failure to file tax returns or for failure to pay sums the Defendant cannot even prove they owe.

**Defendants**:

2.6 Defendant UNITED STATES has as its address Office of the Attorney General, Department of Justice 10th & Pennsylvania Ave., N.W., Washington, D.C. 20530 and U.S. Attorney's Office 1441 Main Street Suite 500, Columbia, SC 29201. Defendant, by and through its Department of Treasury, and the bureau thereof (the IRS), has caused these Plaintiffs undue stress and loss of privacy and property through threat, duress, and coercion, while barring access to information essential to compliance.

2.7 Defendant JOHN KOSKINEN is employed by Defendant UNITED STATES as Commissioner of Internal Revenue operating out of the address Internal Revenue Service Headquarters, 1111 Constitution Avenue Northwest, Washington, District of Columbia, DC 20224-0001.

**Plaintiff**:

2.8 Plaintiff Richard Boggs has as his address for the purposes of this action 7001 St. Andrews Road 124, Columbia, SC  29212-1137.

### III. CAUSES OF ACTION.

3.1 All facts alleged in ¶¶ 2.1 through 2.5 shall be deemed incorporated into each of the following paragraphs. Plaintiffs and each of them have been wronged, and will be wronged, by agency action through conduct that violates rights to privacy, to due process, and rights against forced association and against unreasonable seizure, and which is arbitrary and capricious, is in

excess of statutory authority and scope, is not in accordance with law, and is without observance of procedure(s) required by law.

> 5 USC § 706 Scope of review.- To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall-
> (1) *compel agency action unlawfully withheld or unreasonably delayed*; and
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be-
> (A) *arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law*;
> (B) *contrary to constitutional right, power, privilege, or immunity*;
> (C) *in excess of statutory jurisdiction, authority, or limitations, or short of statutory right*;
> (D) *without observance of procedure required by law*;
> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

3.2 Defendant will cite as a jurisdictional bar to further proceedings 26 USC § 7421 which prohibits maintaining any action seeking to inhibit or obstruct the assessment or collection of "taxes."

> 26 USC § 7421 Prohibition of suits to restrain assessment or collection.-
> (a) Tax.- Except as provided in sections 6015 (e), 6212 (a) and(c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c),and 7426(a) and (b)(1), 7429(b), and 7436, *no suit for the purpose of restraining the assessment or collection of any tax shall be maintained* in any court by any person, whether or not such person is the person against whom such tax was assessed.

3.3 What Defendant cannot prove with such an argument is that the amounts it maintains are those owed by the Plaintiffs are a "tax" or that the assessment of such is lawful conduct; 26 USC § 7421 is a false shield. Without a lawful basis, the collection and assessment of the amounts sought by the Defendant are plain violations of the law. (See 26 USC § 7214; 18 USC §§ 241, 872, 1341, 1962(c) and (d), other). The unlawful assessment of taxes, and the

1   collections of amounts resulting from mere exactions of liabilities, can hardly be what Congress
2   sought to protect against through its enactment of 26 USC § 7421. (See 26 CFR 601.106(f)(1)
3   ("Rule 1. An exaction by the U.S. Government, which is not based upon law, statutory or
4   otherwise, is a taking of property without due process of law, in violation of the Fifth
5   Amendment to the U.S. Constitution")). Without clear proof that the law imposes the amounts
    sought, § 7421 is wholly irrelevant and thus provides no safe harbor for the Defendant.
6
7                           <u>FIRST CAUSE OF ACTION</u>
8   **1. The UNITED STATES' refusal to provide an explanation or interpretation of the law**
9   **governing the taxation of compensation for services violates rights to due process and**
    **against forced association**.
10
11          3.4 To the Plaintiffs, the Defendants' reply to their analysis is every bit as frivolous as
12  the Defendants claim the Plaintiffs' analysis to be, but Defendants' response is <u>never</u>
13  accompanied by an interpretation of the UNITED STATES' own which details how the law
14  actually operates or how Plaintiffs' analysis is invalid or incorrect. The Defendants openly
15  profess to implement and honor the Taxpayer Bill of rights enacted by Congress. (See [
16  https://www.irs.gov/Taxpayer-Bill-of-Rights ] ). **YouTube.com** - Internet video presentation
17  (87 seconds) wherein Defendant JOHN KOSKINEN declares the Taxpayer Bill of Rights to be
    in effect. (See [ https://www.youtube.com/watch?v=EAwkm8aro1k ] ).
18
19          3.5 Plaintiffs are "entitled to clear explanations of the laws" but cannot have them.
20  Plaintiffs are told to obey the Tax Code or suffer the penalties, but the Defendants have refused
    for more than twenty years to provide an contrary interpretation of 26 USC § 83(a) that does
21  not lie in stark opposition to well settled canons of statutory construction and interpretation.
22
23          3.6 The same is true of 26 USC §§ 1402(b), 3121(e), and 3306(j), which clearly <u>exclude</u>
24  citizens of the United States from the scope of chapters 2, 21, and 23, but instead of setting
    about interpreting these provisions the Defendants and the courts simply call them frivolous, in
    defiance of the duty with which the courts are charged:
25
26          "Article III judges cannot opt out of exercising their check. As we have long
        recognized, "*[t]he Judiciary has a responsibility to decide cases properly before it,*
27      *even those it 'would gladly avoid.'*" *Zivotofsky v. Clinton*, 566 U.S. ___, ___, 132 S.Ct.
        1421, 1427, 182 L.Ed.2d 423 (2012) (quoting *Cohens v. Virginia*, 6 Wheat. 264, 404, 5
28      L.Ed. 257 (1821)). *This responsibility applies not only to constitutional challenges to*

1    *particular statutes*, see, *e.g., Shelby County v. Holder*, 570 U.S. ___, ___, 133 S.Ct.
2    2612, 2618-2619, 186 L.Ed.2d 651 (2013), *including those based on the separation of powers*, *Free Enterprise Fund*, 561 U.S., at 501-502, 130 S.Ct. 3138 *but also to more routine questions about the best interpretation of statutes*, see, *e.g., Whitfield v. United States*, 574 U.S. ___, ___-___, 135 S.Ct. 785, 787-89, 190 L.Ed.2d 656 (2015), *or the compatibility of agency actions with enabling statutes*, *Utility Air Regulatory Group v. EPA*, 573 U.S. ___, ___, 134 S.Ct. 2427, 2438-2439, 189 L.Ed.2d 372 (2014). *In each case, the Judiciary is called upon to exercise its independent judgment and apply the law.*

        But we have not consistently exercised the judicial check with respect to administrative agencies. Even though regulated parties have repeatedly challenged agency interpretations as inconsistent with existing regulations, we have just as repeatedly declined to exercise independent judgment as to those claims. Instead, we have deferred to the executive agency that both promulgated the regulations and enforced them. Although an agency's interpretation of a regulation might be the best interpretation, it also might not. *When courts refuse even to decide what the best interpretation is under the law, they abandon the judicial check. That abandonment permits precisely the accumulation of governmental powers that the Framers warned against.* See The Federalist No. 47, at 302 (J. Madison)."

See *Perez v. Mortgage Bankers Ass'n*, 135 S.Ct. 1199, 1221 (2015). *And* -

        "As in all statutory construction cases, we begin with the language of the statute. The first step "is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson* v. *Shell Oil Co.*, 519 U.S. 337, 340 (1997) (citing *United States* v. *Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240 (1989)). The inquiry ceases "if the statutory language is unambiguous and `the statutory scheme is coherent and consistent.'" 519 U. S., at 340."

See *Barnhart, Comm'r of Social Security v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002). *And* -

        "A threshold issue is the appropriate framework for analyzing the FDA's assertion of authority to regulate tobacco products. Because this case involves an administrative agency's construction of a statute that it administers, our analysis is governed by *Chevron U.S. A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Under *Chevron*, *a reviewing court must first ask* "*whether Congress has directly spoken to the precise question at issue.*" *Id.*, at 842. *If Congress has done so, the inquiry is at an end; the court* "*must give effect to the unambiguously expressed intent of Congress.*" *Id.*, at 843; see also *United States v. Haggar Apparel Co.*, 526 U.S. 380, 392 (1999); *Holly Farms Corp.* v. *NLRB*, 517 U.S. 392, 398 (1996). But if Congress has not specifically addressed the question, a reviewing court must respect the agency's construction of the statute so long as it is permissible. See *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999); *Auer v. Robbins*, 519 U.S. 452, 457 (1997). Such deference is justified because "[t]he responsibilities for assessing the wisdom of such policy choices and resolving the struggle between competing views of the public

1    interest are not judicial ones," *Chevron, supra,* at 866, and because of the agency's
2    greater familiarity with the ever-changing facts and circumstances surrounding the
     subjects regulated, see *Rust v. Sullivan,* 500 U.S. 173, 187 (1991)."

3
     See *FDA v. Brown & Williamson Tobacco Corp.*, 529 US 120, 132 (2000). *And -*
4
5        "*The parties provide vastly differing interpretations of the statutory language, and
         both contend that the language clearly supports their position.*"

6        "The Commissioner's argument has considerable force, if one focuses solely on the
7        language of sections 1281 and 1283 and divorces them from the broader statutory
         context. But we cannot do that. *The Supreme Court has noted that,* "*the true meaning
8        of a single section of a statute in a setting as complex as that of the revenue acts,
         however precise its language, cannot be ascertained if it be considered apart from
9        related sections, or if the mind be isolated from the history of the income tax
10       legislation of which it is an integral part.*" (Cite omitted) *According to the Court, the
         construing court's duty is "to find that interpretation which can most fairly be said to
11       be imbedded in the statute, in the sense of being most harmonious with its scheme
         and with the general purposes that Congress manifested.*'" (Cite omitted) The
12       circumstances of the enactment of particular legislation may be particular relevant to
13       this inquiry. (Cite omitted) *Finally, when there is reasonable doubt about the meaning
         of a revenue statute, the doubt is resolved in favor of those taxed.* (Cite omitted)."

14
     See *Security Bank of Minnesota v. Commissioner of IRS*, 994 F.2d 432, 435 (CA8 1993). *And -*
15
16       "Any one may so arrange his affairs that his taxes shall be as low as possible; he is not
         bound to choose that pattern which will best pay the Treasury; there is not even a
17       patriotic duty to increase one's taxes. *U.S. v. Isham*, 17 Wall. 496, 506, 21 L. Ed.
         728; *Bullen v. Wisconsin*, 240 U.S. 625, 630, 36 S.Ct. 473, 60 L.Ed. 830."
18
19   See *Helvering v. Gregory*, 69 F.2d 809, 810 (CA2 1934).

20       "We do not speak of evasion, because, when *the law draws a line*, *a case is on one side
         of it or the other*, *and if on the safe side is none the worse legally that a party has
21       availed himself to the full of what the law permits*. When an act is condemned as an
22       evasion what is meant is that it is on the *wrong side of the line indicated by the policy
         if not by the mere letter of the law*."
23
     See *Bullen v. Wisconsin*, 240 U.S. 625, 630-31, 36 S.Ct. 473, 60 L.Ed. 830 (1916).
24
25       3.7 Firstly, above, the tobacco company, the coal company, and the bank were not
     labeled "tax protesters" or "sovereign citizens." In each instance the reviewing court indulged
26   the claims and parties, and interpreted the language of the provisions at issue; Plaintiffs seek
27   treatment in kind. By refusing such review the Defendant UNITED STATES and the courts
28   impose themselves upon the Plaintiffs who have 1st Amendment rights against such forced

association, and obstruct the right to access the law in violation of the Plaintiffs' rights to due process under the 5th Amendment. The resulting exaction of liabilities also violates the Plaintiffs' rights to due process.

**Relief requested**:

3.8 Plaintiffs therefore request that this Court rule that Defendant UNITED STATES' silence and refusal to disclose what it deems the proper interpretation of the provisions upon which the Plaintiffs rely for the conclusions articulated herein is unlawful and violative. Plaintiffs also request that this Court compel agency action to disclose said proper interpretation of such provisions.

**Article III standing**:

1. The first element is defined as an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.

3.9 Defendants refuse to provide "explanations of the law" they claim impose tax liabilities and return filing requirements upon the Plaintiffs. This forces Plaintiffs to speculate as to the meaning of penal statutes (26 USC ch.75; 18 USC § 371, others) in violation of the 5th Amdt. to the US Constitution.

3.10 Such refusal on the part of the Defendants also forces the Plaintiffs to associate with the IRS and Dept. of Justice which are both known to be lawless, corrupt, and overtly oppressive, in violation of the 1st Amdt. to the US Constitution. The only alternative is for the Plaintiffs to waive rights to arrange their affairs according to law, and Plaintiffs' charge that said conduct on the part of the Defendants also deprives them of property not owed to the Defendants under the law in violation of the 4th and 5th Amendment to the US Constitution.

2. The second element requires the plaintiff to show a sufficiently direct causal connection between the challenged action and the identified harm.

3.11 The refusal on the part of the Defendants to grant access to, and to interpret, the provisions upon which the Plaintiffs rely is the source of their dilemma.

3. The final element is proof that a favorable resolution of a claim would likely redress the professed injury.

3.12 Citizens of the United States are clearly excluded from ch.2, 21, and 23 Social Security taxes by the plain language of §§ 1402(b), 3121(e), and 3306(j). Treasury regulation 26 CFR 1.1-1 is invalid or void because it identifies a citizen of the United States as a subject of the chapter 1, § 1 graduated income tax, when § 1 itself makes no reference whatsoever to any citizen of any jurisdiction.

3.13 At such time as the Defendant UNITED STATES and its courts place on the record a responsible (non-frivolous) and cogent analysis and interpretation of the provisions at the heart of Plaintiffs' issues the controversy at issue will be either resolved or ripe for appeal. Until such time, Plaintiffs have the right to arrange their affairs according to their interpretation of the provisions relied upon. Plaintiffs have no requirement to file and have incurred no tax liabilities in relation to the provisions of 26 USC.

## SECOND CAUSE OF ACTION

**2. As it relates to Plaintiffs who sell their personal services for compensation, the UNITED STATES' enforcement of 26 USC chapters 1, 2, 21, and 23 violates rights to privacy, to due process and against forced association and unreasonable seizure.**

3.14 Defendant UNITED STATES has intruded and will continue to intrude upon Plaintiffs' contracts for the sale of their personal services for their fair market value, and have done so by depriving the Plaintiffs of 26 USC §§ 83(a), 1001, 1012, 1402(b), 3121(e), 3306(j), and SS Act of 1935 § 211, Pub.L. 74–271, 49 Stat. 620 (August 14, 1935), now codified as 42 USC ch. 7. Through this misconduct the Defendant derives sums from the Plaintiffs they do not owe under the law, and the Defendant imposes itself in a forced association against which the Plaintiffs have a 1st Amdt. right. The plain language of these provisions exclude the Plaintiffs from the taxes imposed by chapters 2, 21, and 23, and § 1 fails to identify them as subject to any income tax. The Defendants' taking under the guise of 26 USC, under chapters 1, 2, 21, and 23, is not founded upon law but rather is based upon invalid regulation (26 CFR 1.1-1) and upon selective omission of the key provisions relied upon by the Plaintiffs in the formulation of the conclusions articulated herein.

3.15 Through this unlawful taking of property the Defendant UNITED STATES is violating and will continue to violate Plaintiffs rights to due process and to property under the 5th Amdt. to the US Constitution. Defendant UNITED STATES' unlawful intrusion into the

contracts and affairs of the Plaintiffs through this unlawful pattern of ongoing activity violates Plaintiffs' rights against forced association and against unreasonable seizure secured to them under the 1st and 4th Amdts. to the US Constitution.

**Relief requested**:

3.16 Plaintiffs therefore request that this Court rule that Defendant UNITED STATES' involvement with and intrusion into Plaintiffs' contracts for the sale of their personal services, and the taking accomplished through such unlawful involvement and intrusion, are unlawful and violative actions. Plaintiffs do not request that this Court compel agency action to cease and desist in such involvement and intrusion, or to halt all such wrongful taking of portions of the proceeds derived by the Plaintiffs through such contracts.

**Article III standing**:

1. The first element is defined as an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.

3.17 While the Defendant UNITED STATES is wholly unable to cogently refute Plaintiffs' conclusions about relevant statutes, it purports to use authority under the subject chapters of 26 USC to obtain property from Plaintiffs, and to gain access to Plaintiffs financial information in a baseless association against which the Plaintiffs have a 1st Amdt. right. This taking of property and invasion of personal privacy has been underway and is ongoing with no end in sight, in violation of Plaintiffs' 1st, 4th, and 5th Amdt. rights.

2. The second element requires the plaintiff to show a sufficiently direct causal connection between the challenged action and the identified harm.

3.18 The challenged action is Defendant UNITED STATES' enforcement of 26 USC against the Plaintiffs who are clearly not subject except for the promulgation of 26 CFR 1.1-1, for the UNITED STATES' depriving the Plaintiffs of 26 USC §§ 1402(b), 3121(e), and 3306(j), and for the UNITED STATES' depriving the Plaintiffs of the provisions of 26 USC §§ 83, 212, 1001, 1011, and 1012. This mode of conduct deprives the Plaintiffs of property without due process, and it deprives the Plaintiffs of their 1st and 4th Amdt. rights against forced association and against unreasonable seizure.

SECOND AMENDED - Complaint for review of agency action.          Page 12 of 19

3. The final element is proof that a favorable resolution of a claim would likely redress the professed injury.

3.19 If this Court provides the relief requested the Plaintiffs will be spared having to pay sums they do not owe to UNITED STATES, and they will not be forced to associate with and deal with its agencies and officers who claim to be acting under the authority of 26 USC.

THIRD CAUSE OF ACTION

**3. As it relates to Plaintiffs who sell their personal services for compensation, the UNITED STATES' enforcement of 26 USC §§ 6012 and 6651 violates rights to due process and against forced association**.

3.20 Defendant UNITED STATES is wholly unable to refute, with an interpretation of the plain language of provisions upon which Plaintiffs rely for their conclusions, that **1)** when receiving only the fair market value of their personal services as compensation for services actually performed they have received no "gross income" as that term is defined by 26 USC §§ 83(a) and 1001, **and 2)** without receipt of such gross income as defined by §§ 83(a) and 1001 they are under no obligation to file a return under § 6012 (gross income that equals or exceeds the exemption amount). As a result, Plaintiffs' refusal or failure to file such returns is not duly subject to sanctions (additions to the tax) provided for under 26 USC § 6651.

3.21 This will not dissuade the Defendant from viewing such failure to file as unlawful and from imposing such sanctions (additions to the tax) on April 16, 2016, while refusing to provide the information needed by the Plaintiffs to satisfy any and all lawful duties imposed upon them by the provisions of 26 USC. Such defiance of law to the contrary violates Plaintiffs' rights to due process under the 5th Amdt. to the US Constitution, and against forced association under the 1st Amdt. to the US Constitution.

**Relief requested**:

3.22 Plaintiffs therefore request that this Court rule that Defendant UNITED STATES' demand for tax returns from the Plaintiffs, and its imposition of "additions to the tax" provided for under 26 USC § 6651 for failure to duly file tax returns, are unlawful and violative actions. Plaintiffs do not request that this Court compel agency action to cease and desist in the imposition of § 6651 sanctions and disclose said proper interpretation of provisions relied upon.

1    3.23 Without the relief sought the Plaintiffs will incur penalties and prosecution on
2    April 16, 2016 for their belief that the law imposes no duty upon them to file a tax return or to
3    report as gross income the value of their personal services received as compensation.

4    **Article III standing**:

5    1. The first element is defined as an invasion of a legally protected interest which is (a) concrete
6    and particularized; and (b) actual or imminent, not conjectural or hypothetical.

7    3.24 Because the Defendant UNITED STATES refuses to disclose its interpretation of
8    the provisions upon which Plaintiffs rely, Plaintiffs must associate with the IRS in long term
9    efforts and correspondent relationships to avoid further problems arising from the inability to
10   do as the IRS demands due to its secrecy and refusal to interpret the law despite what it
11   promises on its web site in the Taxpayer Bill of Rights. Plaintiffs will be penalized with interest
12   and other sanctions when they fail to file returns on or by April 15, 2016. This deprives or has
      already deprived the Plaintiffs of their 1st Amdt. rights against forced association, and
13   imminently will violate Plaintiffs' 5th Amdt. rights to property and to due process.

14
15   2. The second element requires the plaintiff to show a sufficiently direct causal connection
      between the challenged action and the identified harm.
16
17        3.25 The infringement upon Plaintiffs rights under the 1st and 5th Amdts. as described is
18   the direct result of Defendant UNITED STATES' refusal to provide an interpretation of
19   statutes it applies to Plaintiffs, or which are *supposed to be applied* to the Plaintiffs, or which
20   Plaintiffs rest their belief that 26 USC imposes no duties whatsoever upon citizens of the
      United States.
21
22   3. The final element is proof that a favorable resolution of a claim would likely redress the
      professed injury.
23
24        3.26 The dilemma over which the Plaintiffs have commenced this action will be
25   resolved if this Court compels action to disclose via cogent and responsible briefing how
     Plaintiffs are mistaken.
26   / / /
27   / / /
28   / / /

1

# IV. CONCLUSION & VERIFICATION.

2

3

4

5

6

7

8

9

4.1 Courts of the United States have shown themselves unwilling to grant access to the law in cases concerning these specific provisions of 26 USC. The willingness to prosecute and imprison Americans lies in diametric opposition to the concept of government deriving its authority through the consent of the governed. Indeed, observe how Defendants reply to this action, note how far from proper statutory interpretation they stray, if any interpretation is offered at all. For those with oaths to uphold the Constitution to instead stand idly by, or to act to perpetuate a denial of proof that the law operates as the Defendants allege, is to impose a condition of servitude to the executive branch under terroristic threats of imprisonment nobody can prove to be lawful.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

4.2 Plaintiffs make this good faith effort to solve precisely this dilemma which offends the most basic of due process protections, and they have relied solely upon relevant statutes to do so. A court must begin with the basic proposition that agency power is "not the power to make law. Rather, it is 'the power to adopt regulations to carry into effect *the will of Congress as expressed by the statute*.'" *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 213-14 (1976) (quoting *Manhattan Gen. Equip. Co. v. Commission*, 297 U.S. 129, 134 (1936)). "[I]t [is] the judiciary's duty "to say what the law is." *Marbury v. Madison*, 1 Cranch. 137, 177 (1803) (Marshal, C.J.)." [1] Thus, the initial inquiry is whether Congress intended to subject the Plaintiffs to the 26 USC income taxes. (See *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) (stating that "[i]t is axiomatic that an administrative agency's power to promulgate legislative regulations *is limited to the authority delegated by Congress*"); *INS v. Chadha*, 462 U.S. 919, 953 n.16, 955 n.19 (1983) (providing that agency action "is always subject to check by the terms of the legislation that authorized it; and if that authority is exceeded it is open to judicial review" and "Congress ultimately controls administrative agencies in the legislation that creates them")).

24

25

26

27

4.3 The Defendants will cite a plethora of reasons why the Plaintiffs should not or may not access the law, so the most the Plaintiffs may derive from having pursued answers this way will be evidence for a criminal trial jury at some future juncture when they seek to prove a lack of willfulness. Their lives will be destroyed, their reputations, their estates and personal relationships of every kind, and their futures, will all be devastated by public servants who

28

1    actually argue in favor of protection against having to prove their conduct to be lawful and a
2    matter of official right.

3        4.4 It is not Plaintiffs' fault that 26 CFR 1.1-1 is cited as authority to tax the income of
4    "citizens of the United States" and that 26 USC § 1 makes no such reference. It is not
5    Plaintiffs' fault that circuit courts, US Tax Court, and the IRS hold 26 USC § 83 applicable to
6    all compensation for services. Consider that the Defendants, all federal public servants, have to
7    comply with § 83 when they set about demanding or filing tax returns, and compare that to
8    their refusal to speak of the statute, of how its regulations operate, or what it means, and refuse
9    to even train IRS employees on how to apply it or enforce it. Where can Americans hide from
10   the likes of their public servants? Who but the criminally insane could seek to justify or support
11   such a tenet of governance? "Left unchallenged they would prey upon the powerless; and we
12   must not permit that to happen again." (President W.J. Clinton, Holocaust Memorial Museum
     commemoration ceremony, April 22, 1993).

13       "I agree with the Court that the Internal Revenue Code provision and the corresponding
14       Treasury Regulations that control consolidated filings are best interpreted as requiring a
         single-entity approach in calculating product liability loss. I write separately, however,
15       because *I respectfully disagree with the dissent's suggestion that, when a provision of
         the Code and the corresponding regulations are ambiguous, this Court should defer
16       to the Government's interpretation*. See *post* this page (opinion of Stevens, J.). *At a
17       bare minimum, in cases such as this one, in which the complex statutory and
         regulatory scheme lends itself to any number of interpretations, we should be inclined
18       to rely on the traditional canon that construes revenue-raising laws against their
         drafter*. See *Leavell* v. *Blades*, 237 Mo. 695, 700-701, 141 S.W. 893, 894 (1911)
19       ("*When the tax gatherer puts his finger on the citizen, he must also put his finger on
         the law permitting it*"); *United States* v. *Merriam*, 263 U.S. 179, 188 (1923) ("*If the
20       words are doubtful, the doubt must be resolved against the Government and in favor
21       of the taxpayer*"); *Bowers* v. *New York & Albany Lighterage Co.*, 273 U.S. 346, 350
         (1927) ("*The provision is part of a taxing statute; and such laws are to be interpreted
22       liberally in favor of the taxpayers*"). Accord, *American Net & Twine Co.* v.
23       *Worthington*, 141 U.S. 468, 474 (1891); *Benziger v. United States*, 192 U.S. 38, 55
         (1904)."

24
25   See *United Dominion Industries, Inc. v. United States*, 532 US 822 (2001) (J. Thomas
     concurring).
26

27

28   _____
     [1] See *U.S. v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 1633 (1995).

1

2

"It is settled that *when the law is vague or highly debatable, a defendant* - actually or imputedly - *lacks the requisite intent* to violate it."

3

4

5

6

7

8

9

10

11

12

13

14

15

16

See *US v. Critzer*, 498 F.2d 1160, 1162 (CA4 **1974**). Accord, citing *Critzer*, see *US v. Mallas*, 762 F.2d 361 fn.4 (CA4 **1985**); *US v. Cole*, 631 F.3d 146, 151 (CA4 **2011**); *US v. Danielczyk*, 788 F.Supp.2d 472, 490 (E.D. Va. **2011**); *US v. Goland*, 959 F.2d 1449, 1456 (dissent) (CA9 **1992**); *US v. Clardy*, 612 F.2d 1139, 1152 (CA9 **1980**); *US v. Pirro*, 212 F.3d 86, 91 (CA2 **2000**); *US v. Garber*, 607 F.2d 92, 98 (CA5 **1979**); *US v. Heller*, 830 F.2d 150, 154 (CA11 **1987**); *US v. Schmidt*, 935 F.2d 1440, 1448 (CA4 **1991**); *US v. Diamond*, 788 F.2d 1025, 1028 (CA4 **1986**); *US v. Billie,* 667 F.Supp. 1485, 1493 (USDC S.D. Florida **1987**); *US v. Lewis*, 730 F.Supp. 691, 693 (USDC W.D. North Carolina **1990**); *US v. General Dynamics Corp.*, 644 F.Supp. 1497, 1500-01 (USDC C.D. Calif. **1986**); *US v. DeCastris*, 798 F.2d 261, 267 (dissent) (CA7 **1986**); *US v. Lewis*, 649 F.Supp. 1109, 1111 (USDC W.D. Mich. **1986**); *US v. Baer*, 662 F.Supp. 126, 130 (USDC W.D. New York **1987**); *US v. Masters*, 730 F.Supp. 686, 690 (USDC W.D. Charlotte Division, North Carolina **1990**) (citing *US v. Mallas, id.*); *US v. D'Alessio*, 822 F.Supp. 1134, 1144 (USDC New Jersey **1993**); *Richmond Medical Center for Women v. Gilmore*, 55 F.Supp.2d 441, 499 (USDC E.D. Richmond, Virginia **1999**); *US v. Dahlstrom*, 713 F.2d 1423, 1428 (CA9 1983), cert. denied, 466 U.S. 980, 104 S.Ct. 2363, 80 L.Ed.2d 835 (**1984**)).

17

18

19

20

21

22

23

4.5 A tax must be imposed by clear and unequivocal language. Where the construction of a tax law is doubtful, the doubt is to be resolved in favor of whom upon which the tax is sought to be laid. (See *Spreckles Sugar Refining v. McClain*, 192 U.S. 397, 416 (1904); *Gould v. Gould*, 245 U.S. 151, 153 (1917); *Smietanka v. First Trust & Savings Bank*, 257 U.S. 602, 606 (1922); *Lucas v. Alexander*, 279 U.S. 573, 577 (1929); *Crooks v. Harrelson*, 282 U.S. 55 (1930); *Burnet v. Niagra Falls Brewing Co.*, 282 U.S. 648, 654 (1931); *Miller v. Standard Nut Margarine Co.*, 284 U.S. 498, 508 (1932); *Gregory v. Helvering*, 293 U.S. 465, 469 (1935); *Hassett v. Welch*, 303 U.S. 303, 314 (1938); *U.S. v. Batchelder*, 442 U.S. 114, 123 (1978)).

24

25

26

4.6 While the Defendants will again fail to answer this call to due process, notions such as these will remain irrelevant to the redress sought through this action. The Plaintiffs must live on under threat while the operation of the law remains a secret.

27

/ / /

28

/ / /

**Verification**:

    4.7 I, Richard Boggs, do hereby declare that the foregoing statements are true and correct to the best of my knowledge and belief. Executed under penalties of perjury this _21_ day of June, 2016.

_[signature]_

Richard Boggs, Affiant

    4.8 The above affirmation was subscribed and duly sworn to before me this _21_ day of June, 2016, by Richard Boggs.

    4.9 I, _Zach Greenwell_, am a Notary under license from the State of South Carolina whose commission expires on _2-18-2026_, and be it known by my hand and my Seal as follows:

_[signature]_

Notary signature

Respectfully submitted:

_[signature]_

Richard Boggs

///
///
///
///
///
///
///
///
///
///
///
///
///
///

SECOND AMENDED - Complaint for review of agency action.      Page 18 of 19

1  **CERTIFICATE OF SERVICE**: I, Alisha Lawson          , do hereby certify

2  that I placed in 1st class US Post and in adequate packaging this 2nd Amended Civil Complaint

3  addressed to Robin L. Blume, Clerk, United States District Court, 901 Richland Street,

4  Columbia, SC  29201. I am an American over the age of eighteen years.

5          Signature                          06/21/2016
                                              Date

6  ///

7  ///

8  ///

9  ///

10 ///

11 ///

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

SECOND AMENDED - Complaint for review of agency action.          Page 19 of 19