1  Richard Boggs
   7001 St. Andrews Road 124
2  Columbia, SC   29212-1137

3

4

5

6

7  IN THE DISTRICT COURT OF THE UNITED STATES

8  DISTRICT OF SOUTH CAROLINA

9  At Columbia

10  Richard Boggs, *et al,*,                    ) No. **3:16-cv-1178-MGL-SVH**
                    Plaintiffs, *pro se*,        )
11                                               ) AFFIDAVIT OF PREJUDICE from
                                                 ) Plaintiff Richard Boggs.
12                   vs.                          )
                                                 )        Appearance of fairness.
13                                               )
                                                 )
14  UNITED STATES, DEPARTMENT OF                 )
    TREASURY, IRS COMM'R JOHN                    )
15  KOSKINEN, and INTERNAL REVENUE               )
    SERVICE,                                     )
16                   DEFENDANTS.                 )
17

18  ## AFFIDAVIT OF PREJUDICE

19  STATE OF SOUTH CAROLINA    )
20                            ) ss.
    COUNTY OF __Lexington__    )
21

22       COMES NOW, Plaintiff Richard Boggs (hereinafter "Plaintiff"), to enter his objections

23  and declaration of prejudice against US Magistrate Judge SHIVA H. HODGES and US District

24  Judge MARY G. LEWIS (hereinafter "Accused") having anything whatsoever in matters

25  involving Plaintiff's case above captioned.

26       Plaintiff has attached a criminal complaint (See **Ex.A** hereto) against the Accused

27  which details how their misconduct resulted in the usurpation of Plaintiff's rights to due

28  process and to redress secured to him by the US Constitution and provided for under statutes

Plaintiff's Richard Boggs' Affidavit of Prejudice.            Page 1 of 4

relied upon in his civil complaint. The Accused conducted themselves in a manner so irrational so as to convince the Plaintiff of a personal requirement to complain under 18 U.S.C. § 4. Plaintiff views any and all future involvement in this controversy on the part of the Accused as a peril, and asserts that his having complained to have them relieved of their respective Offices and to have them prosecuted as having given them a vested interest in a finding or findings against him and others who may also seek remedy through this civil action.

Regardless of an ability to *preside* fairly, no presiding officer possessive of knowledge that the Plaintiff is taking steps to have him or her removed from office and imprisoned can claim to *appear* fair in any matter concerning the Plaintiff in any case or instance.

But it goes farther than the impartiality requirement in that it not only requires an impartial decision maker to be fair, but requires the decision maker to also *appear* to be fair. See *Offutt v. US*, 348 U.S. 11, 14 (1954) ("[J]ustice must satisfy the appearance of justice"); *Medina v. California*, 505 US 437, 464 (1992) (Blackmun, dissent) ("In matters of ethics, appearance and reality often converge as one.").[1]

> "The vital point is that in sitting in judgment on such a misbehaving lawyer the judge should not himself give vent to personal spleen or respond to a personal grievance. These are subtle matters, for they concern the ingredients of what constitutes justice. Therefore, justice must satisfy the appearance of justice."

See *Mayberry v. Pennsylvania*, 400 US 455, 465 (1971), citing *Offutt*, *id.*

> "Here, while we do not question the personal integrity of the district judge, because guilt was adjudicated in the earlier proceeding, the appearance of fairness and impartiality is best advanced by reassignment to another district judge."

[1] See also *Ex parte McCarthy*, [1924] 1 K.B. 256, 259 (1923) ("[J]ustice should not only be done, but should manifestly and undoubtedly be seen to be done"). I do not see how the appearance of fairness and neutrality can obtain if the bare possibility of a fair hearing is all that the law requires. Cf. *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980)(noting the importance of "preserv[ing] both the appearance and reality of fairness," which "'generat[es] the feeling, so important to a popular government, that justice has been done'") (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 172 (1951) (Frankfurter, J., concurring)). *Litkey v. US*, 510 US 540, 565 (1994))"; *Press-Enterprise Co. v. Superior Ct.*, 487 US 1, 9, 13 (1986); *Vasquez v. Hillery*, 474 US 254, 271 (1986); *Globe Newspaper Co. v. Superior Ct.*, 457 US 596, 606 (1982); *Richmond Newspapers, Inc. v. Virginia*, 448 US 555, 595 (1980); *Marshall v. Jerrico*, 446 US 238, 242 (1980); *Estes v. Texas*, 381 US 532, 543 (1965) ("A fair trial in a fair tribunal is a basic requirement of due process. Fairness, of course, requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. . . . [T]o perform its high function in the best way, "justice must satisfy the appearance of justice." *Offutt v. US*, 348 U.S. 11, 14."); *Kentucky v. Stincer*, 482 US 730, 751 (1987) (dissent); *Greenholtz v. Inmates of Nebraska Penal Complex*, 442 US 1 (1979) (dissent).

See *US v. Neal*, 101 F.3d 993 (CA4 1996) at fn.5.

"[T]o perform its high function in the best way[,] 'justice must satisfy the appearance of justice.'" *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955) (quoting *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11 (1954))."

See *US v. Adama*, 788 F.3d 115, 117-18 (CA4 2015).

WHEREFORE, Plaintiff respectfully demands that the Accused refrain from further involvement with any matters bearing his name, and that they act to put this action under the authority and discretion of another trier of fact.

## VERIFICATION.

I, Richard Boggs, Affiant hereto, do hereby declare under penalties of perjury that the foregoing statements are true and correct to the best of my knowledge. Executed this 21st day of June, 2016.

Signed: _____

Richard Boggs, Affiant

The above affirmation was SUBSCRIBED and duly SWORN to before me this 21st day of June, 2016, by Richard Boggs.

I, Zach Greenwell, am a Notary under license from the State of South Carolina whose Commission expires 2-18-2026, and be it known by my hand and my Seal as follows:

_____
Notary signature

Dated: 06-21-16                    Presented by:

_____

Richard Boggs

/ / /

/ / /

/ / /

Plaintiff's Richard Boggs' Affidavit of Prejudice.                    Page 3 of 4

1   **CERTIFICATE OF SERVICE**: I, _Alisha Lawson_____, do hereby certify

2   that I placed in 1ˢᵗ class US Post and in adequate packaging this Affidavit of Prejudice

3   w/Exhibit A addressed to: Robin L. Blume, Clerk, United States District Court, 901 Richland

4   Street, Columbia, SC 29201. I am an American over the age of eighteen years.

5   _Alisha Lawson_____    _06/21/2016_____

6     Signature                  Date

6   ///

7   ///

8   ///

9   ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Plaintiff's Richard Boggs' Affidavit of Prejudice.        Page 4 of 4